# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1348
Lower Tribunal No. 17-91
_____

**M.Z., as Natural Mother and Legal Guardian of A.Z., a minor,**
Appellant,

vs.

**Carnival Corporation, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Brais Brais Rusak and Richard D. Rusak, for appellant.

Mase Tinelli Mebane & Briggs, P.A., and Curtis J. Mase and Cameron W. Eubanks, for appellee Carnival Corporation.


Before SALTER, EMAS and FERNANDEZ, JJ.

PER CURIAM.

The plaintiff below (M.Z.), appellant here, is the mother and legal guardian of a minor who allegedly was sexually assaulted and raped on board a cruise ship operated by Carnival Corporation ("Carnival") in 2015. M.Z. filed a lawsuit against Carnival (and five alleged "John Doe" individual perpetrators) in the Miami-Dade Circuit Court, demanding trial by jury.

The issue presented to the trial court and to us is whether a forum selection clause in M.Z.'s and her child's tickets is enforceable. That clause states:

> . . . it is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state, or country.[1]

M.Z. maintains that the forum selection clause fails to disclose that it deprives her and her child of their right to a jury trial under the United States and Florida Constitutions, and that Carnival failed to obtain an enforceable waiver of that right in the passenger tickets.

---

[1] The tickets also contained bold, all upper-case, conspicuous notices regarding the binding nature of the ticket contracts and the "important limitations on the rights of guests to assert claims against Carnival Cruise Line, the vessel, their agents and employees, and others, including forum selection, choice of law, arbitration and waiver of jury trial for certain claims."

2

Carnival moved for dismissal of the lawsuit on the basis of the mandatory, exclusive federal forum selection provision applicable to lawsuits in which the federal courts do not lack subject matter jurisdiction (as here), relying upon Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), and Leslie v. Carnival Corp., 22 So. 3d 567 (Fla. 3d DCA 2009) (en banc). In its motion to dismiss, and at the hearing on the motion, Carnival represented that it would not object to a request by M.Z. for a trial by jury in admiralty in federal court following dismissal of the case and enforcement of the forum selection clause.[2]

The trial court granted the motion to dismiss, "for Plaintiff to proceed in Federal Court in accordance with the forum selection clause if she so elects."[3] This appeal followed.

Analysis

The panel in this case is bound by the en banc decision of the full Court in Leslie. Here, as in Leslie, the record contains no evidence of: (a) a bad faith motive, fraud, or overreaching on the part of Carnival; or (b) "evidence the plaintiffs will be mistreated or short-changed by the judges of the United States

---

[2] Counsel for Carnival advised the trial court in open court that Carnival consented to such a jury trial in federal court, and that "It's in our motion. It's in Leslie. We consent to jury trial in this case."

[3] The trial court denied Carnival's motion for sanctions pursuant to section 57.105, Florida Statutes (2017), but Carnival did not appeal that aspect of the order. Based on the forum selection clause and the record before it, the trial court specified that its order of dismissal constituted a final order.

District Court for the Southern District of Florida, or that the judges will routinely deny cruise ship passengers, such as these plaintiffs, jury trials if requested." Leslie, 22 So. 3d at 573-74 (Shepherd, J., concurring). On that basis, we are obliged to affirm the order of dismissal.

Here, also as in Leslie, M.Z. and her child are Florida citizens and domiciliaries, such that the federal lawsuit filed by them against Carnival is not based on diversity of citizenship jurisdiction, but rather on admiralty jurisdiction.[4] Even with the consent of the parties to the federal lawsuit, Federal Rule of Civil Procedure 39(c)(2) grants federal courts the discretion to grant or refuse a trial by jury in an admiralty case (the federal court "may" try the case to a jury in such an event). But again, the records in Leslie and in this case have not shown that the federal court in the Southern District of Florida has denied, or would deny, such a request following Carnival's stipulated consent to trial by jury.

Affirmed.

---

[4] The federal lawsuit was stayed pending disposition of the circuit court case.